UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 14-cr-3639-GPC |
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |
| vs. | [ECF No. 24] |
| ELIODORO ZAPATA-HERRERA, | |
| Defendant. | |

## INTRODUCTION

Pending before the Court is a motion to dismiss indictment filed by Defendant Eliodoro Zapata-Herrera ("Defendant" or "Herrera"). For the reasons appearing herein, the Court DENIES the motion to dismiss.

## PROCEDURAL BACKGROUND

By complaint dated December 10, 2014, Defendant was charged with Attempted Entry After Removal, in violation of 8 U.S.C. § 1326. On December 17, 2015, a federal grand jury returned an indictment charging him with Attempted Entry After Removal, in violation of 8 U.S.C. § 1326.

On December 23, 2014, defense counsel requested a competency evaluation of the Defendant. On December 30, 2014, Magistrate Judge Ruben B. Brooks entered an order for determination of Herrera's competency pursuant to 18 U.S.C. §§ 4241, 4247

and scheduled a competency hearing before this court on January 30, 2015. (ECF No. 12.) A competency hearing was held on January 30, 2015, and the Court found defendant incompetent to stand trial and referred defendant to a Bureau of Prisons Psychiatric Facility pursuant to 18 U.S.C. § 4241. (ECF No. 15.) Also on January 30, 2015, the Court found excludable time under the Speedy Trial Act from January 30, 2015 to June 5, 2015 based upon Defendant's incompetence. (ECF No. 16.)  On February 2, 2015, the Court entered its written order finding Defendant incompetent to stand trial and set a hearing following treatment on June 5, 2015. (ECF No. 18.) On February 5, 2015, Defendant filed Objections to the Commitment Order and Blanket Exclusion of Time. (ECF No. 21.)  Defense Counsel argued that no more than 10 days should be excluded for transportation to a mental health facility for restoration and that any additional delays (i.e. for reasons like lack of bed space at the mental health facility) are not properly excluded under the Speedy Trial Act.

On June 5, 2015, a hearing following treatment was held at which time the Court was informed that Defendant had arrived at the Springfield Mental Health Facility on April 16, 2015 and had not undergone the court ordered psychiatric treatment. On June 8, 2015, Defendant filed the pending Motion to Dismiss.  The Government filed its response on June 16, 2015, and a reply was filed on June 17, 2015. A hearing was held on June 18, 2015 after which the matter was taken under submission.

Based on the papers filed and hearings held, the Court overrules the objections to commitment order under the legal analysis employed in *United States v. Hatter*, No. 14-cr-1811-GPC, 2015 WL 1511015, at *2-5 (S.D. Cal. Mar. 19, 2015) . Further, the Court denies the motion to dismiss indictment finding that any delays in treatment do not warrant dismissal of the indictment.

## DISCUSSION

**I.     Section 4241's Four-Month Time Period Begins on Date of Hospitalization**

The Attorney General can hospitalize a defendant found unable to stand trial due to mental incompetence "for such a reasonable period of time, not to exceed four

1  months, as is necessary to determine whether there is a substantial probability that in
2  the foreseeable future [the defendant] will attain the capacity to permit the proceedings
3  to go forward." 18 U.S.C. § 4241(d)(1) (2006). After the end of the four-month
4  period, the Attorney General can continue to hospitalize the defendant for an "an
5  additional reasonable period time . . . if the court finds that there is a substantial
6  probability" that the defendant will be restored within that time. § 4241(d)(2). Under
7  the plain language of § 4241(d)(1), the authorized four-month period begins on the date
8  of hospitalization. *United States v. Hatter*, No. 14-cr-1811-GPC, 2015 WL 1511015,
9  at *2 n. 1 (S.D. Cal. Mar. 19, 2015) (citing *United States v. Villegas*, 589 F. App'x 372,
10 373 (9th Cir. 2015)).

11 **II.    Due Process Violation and Dismissal of Indictment**

12          Although 18 U.S.C. § 4241 does not set a limit on the amount of time that
13 criminal defendants can be incarcerated while awaiting court-ordered competency
14 services, courts within this circuit have held that seven days is the maximum period of
15 incarceration permitted by the United States Constitution. *Or. Advocacy Ctr. v. Mink*,
16 322 F.3d 1101, 1119 (9th Cir. 2003); *Trueblood v. Wash. State Dep't of Soc. & Health*
17 *Servs.*, No. C14-1178-MJP, 2015 WL 1526548, at *11 (W.D. Wash. Apr. 2, 2015).
18 The Ninth Circuit has made clear that "holding incapacitated criminal defendants in jail
19 for weeks or months [while they await competency services] violates their due process
20 rights because the nature and duration of their incarceration bear no reasonable relation
21 to the evaluative and restorative purposes for which courts commit those individuals."
22 *Mink*, 322 F.3d at 1122. Lack of bed space or insufficient staffing in psychiatric
23 facilities does not constitute good cause for the government to fail to provide an
24 incapacitated defendant with restorative treatment within seven days of commitment.
25 *Trueblood*, 2015 WL 1526548, at *13.

26          Still, courts have rejected the argument that due process violations caused by
27 systemic delays warrant the dismissal of indictments. *United States v. Isidro*
28 *Fierro-Gomes*, No. CR-13-01984-001-TUC-JAS, page 3-4 (D. Ariz. Oct. 20, 2014);

*United States v. Kabinto*, No. CR-08-1079-PCT-DGC, 2009 WL 2358946, at *1 (D. Ariz. July 31, 2009). Instead, district courts may dismiss indictments on due process grounds only when "government conduct [is] so grossly shocking and outrageous [that it violates] the universal sense of justice." *United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993) (citation omitted). Courts may also dismiss indictments pursuant to their supervisory powers, but can do so only "in cases of flagrant prosecutorial misconduct." *United States v. Chapman*, 524 F.3d 1073, 1085 (9th Cir. 2008) (citation and internal quotations omitted).

Several courts have held that delays resulting from the general overcrowding of federal psychiatric facilities do not amount to the outrageous or flagrant government misconduct that would warrant the dismissal of an indictment. *Isidro Fierro-Gomes*, No. CR-13-01984-001-TUC-JAS, at *3. In *Kabinto*, a criminal defendant awaiting competency treatment waited over 100 days for a bed to become available in a federal psychiatric facility. *Kabinto*, 2009 WL 2358946, at *1. The defendant relied on *Mink* and claimed that the government's delay in providing him with restoration treatment violated his due process rights and warranted the dismissal of his indictment. *Id*. The *Kabinto* court disagreed and stated, "*Mink* was a civil suit for injunctive relief that did not address the standards for dismissing indictments in criminal cases." *Id*. The court then held that the 100-day delay caused by lack of bed space in psychiatric facilities did not amount to the outrageous or flagrant government misconduct required to dismiss an indictment. *Id*. at *2; *see also United States v. Lazaro-Cobo*, No. CR10-846-PHX-JAT, 2011 WL 5006516, at *1 (D. Ariz. Oct. 20, 2011) (finding that a 57-day delay caused by lack of bed space availability at the treatment facility did not amount to the type of government misconduct that would warrant dismissal of the indictment); *United States v. Yazzie*, No. CR-04-1210-PCT-DGC, 2006 WL 2772636, at *1-3 (D. Ariz. Sept. 25, 2006) (finding that a 111-day delay caused by lack of bed space availability at the treatment facility did not warrant dismissal of the indictment). *But see United States v. Smith*, 764 F. Supp. 2d 541, 545 (W.D.N.Y. 2011) (concluding

1 that absent a finding that a criminal defendant poses a danger to the community, "a
2 reasonable time for commitment should be significantly shorter than four months").
3 Similarly, in *United States v. Magassouba*, a criminal defendant awaiting competency
4 treatment waited 69 days for a bed to become available in a federal psychiatric facility.
5 544 F.3d 387, 417 (2d Cir. 2008). The defendant challenged the delay on due process
6 grounds but the court refused to dismiss the indictment. *Id.* at 392. The *Magassouba*
7 court considered that "writs of mandamus or habeas corpus are the remedies available
8 to a defendant detained in violation of § 4241(d)(1), not dismissal of the indictment."
9 *Id.* at n. 15. The court explained that writs of mandamus would force a careless district
10 court to provide better support for their decision to order confinement pursuant to §
11 4241(d)(1) and that writs of habeas corpus would allow courts to "intervene to ensure
12 that cases of incompetent defendants are not allowed to languish, whether the
13 confinement is alleged to be unlawful under § 4241(d) . . . some other statute, or the
14 Constitution." *Id.* at n. 16.

15 In the present case, this Court found Mr. Zapata incompetent on January 30,
16 2015, and committed him to the custody of the Attorney General pursuant to 18 U.S.C.
17 § 4241(d)(1) on February 2, 2015. (ECF No. 18, at 1.) Due to lack of bed space at
18 federal psychiatric facilities, Defendant Herrera was not hospitalized until April 16,
19 2015, 72 days after being committed. Defendant now relies on *Mink* and *Trueblood*
20 to challenge his continued detention on due process grounds, and asks this Court to
21 dismiss his indictment. (ECF No. 24, at 11-13.) He argues that the "recurring nature
22 of the delays in transporting mentally incompetent defendants for evaluations and
23 restoration supports a finding that the government's violation of [his] rights is flagrant
24 and warrants dismissal." (ECF No. 26, at 8.)

25 Although both *Mink* and *Trueblood* strongly support the conclusion that
26 Defendant's due process rights have been violated, neither case supports dismissal of
27 his indictment as the appropriate remedy. Like the plaintiffs in *Mink* and *Trueblood*,
28 Defendant waited longer than seven days to receive treatment because there were no

1 available beds at the federal psychiatric facilities that could provide him with 2 restoration services. Because a lack of bed space at medical facilities does not 3 constitute good cause for delaying defendants' treatment, the delay in providing 4 Defendant treatment was most likely unconstitutional. However, as the above cases 5 conclude, the delay in treatment does not amount to the government misconduct 6 necessary to dismiss the indictment. Instead, as the *Magassouba* court suggested, writs 7 of mandamus or habeas corpus are remedies available to Defendant.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Herrera's Motion to Dismiss Indictment. (ECF No. 24.)

IT IS SO ORDERED.

DATED: August 14, 2015

HON. GONZALO P. CURIEL
United States District Judge